### ESTATE OF C. B. MARVIN.

No. 4138—April 11, 1876.

ATTORNEY FEES.—PAYABLE BY THE ADMINISTRATOR IN CHARGE OF THE ESTATE, THOUGH INCURRED BY AN EXECUTOR WHO HAS VACATED HIS TRUST.

When attorneys render services to an estate at the instance of an executor, who thereafter resigns, and is succeeded by an administrator, such attorneys are entitled to be paid for their services out of the estate notwithstanding the fact that such executor has not reported the item in any account.

The attorneys cannot be expected to rely wholly on the personal security of the executor, when the estate has had the benefit of their services.

March 7, 1878.

COMMISSIONS.—SUCCESSIVE ADMINISTRATIONS.—FULL COMMISSIONS NOT ALLOWABLE UNTIL CLOSE OF ADMINISTRATION.

Property received from a former executor, on which such executor has been paid commissions, must not be included in estate administered, as a basis of calculation.

Full commissions are not allowable until distribution can be decreed.

March 23, 1878.

EXECUTOR'S COMMISSIONS ON PROPERTY PARTITIONED IN DISTRICT COURT ALLOWABLE ONLY ON NET BALANCE OF SALE IN PARTITION.

Where an undivided interest in lands subject to a mortgage has been set off to the estate in the District Court, and the tract sold to complete the partition and satisfy the mortgage, it is only on the estate's interest in the surplus, that the executor's commissions can be charged.

DEVISE.—A DEVISE POSTPONING DISTRIBUTION, BUT NOT CREATING A TRUST.

Where the language of a will seems to contemplate merely a deferred distribution until the majority of the youngest child, and to create no trust other than executorship, the Court will not distribute the estate and part with the control of it until the designated time shall have arrived.

Construing sections, C. C. P., 1616, 1618.

*Parker & Roche*, in person.

*D. P. Barstow*, for administrator.

By the COURT: While the executor of the will of testator was in office, he employed Messrs. Parker & Roche, attorneys, to render professional services in and about the management of the estate, and services were rendered. Subsequently, the executor resigned, and an administrator has been appointed. The attorneys now apply for an order that the administrator pay their fees. It is objected by the administrator, that the Court has no power to make the order; that the attorneys must look to the former executor, and that the Court has only the power to allow the amount in the account of the executor, after payment by him.

I do not concur in this view. The administration of an estate is an entirety, and when services of any kind are rendered in and about the proper business of the estate, the person rendering services may have his pay from the administrator in office. The Court has power to compel the administrator to pay; otherwise the person rendering services may be quite at the mercy of the administrator employing him, or be compelled to sue him, and if he be insolvent, lose the amount due, while the estate would enjoy the results.

The Court will hear proofs as to the services rendered and the amount to be paid.

March 7, 1878.

*W. W. Crane, Jr.*, for administrator.

*F. W. Tompkins*, for legatees.

Upon the settlement of the account of the administrator, objections were made as to commissions charged therein.

Of the cash received by the present administrator, $30,-621 were received from the late executor; the same is not a basis for charging commissions.

The value of the property sold by the order of the 19th District Court, in proceedings for partition, is not property accounted for by the administrator in this Court, and cannot bear commissions. The value of the interest of the estate in the property sold, is the property accounted for as administrator.

Full commissions cannot be allowed until the estate shall be ready for distribution. If, before distribution, the administrator wishes to have commissions upon the moneys actually received by him, to the end that he may have credit therefor, he can have the same, and, doubtless, an allowance on the value of the real estate, properly apportioned.

By the COURT: It is doubtful if this estate can be distributed before the youngest child shall attain twenty-one years of age. If, however, a distribution can be had as soon as a trustee shall be appointed, the proper course to pursue in computing commissions will be, to wait until the estate shall be ready for distribution, then compute the amount of entire commissions on the whole estate, from that amount deduct the amount allowed to the executor, and allow the balance to the present administrator, if he shall till then continue in office. If the estate cannot, under the will, be prepared for speedy distribution, commissions may now be computed and allowed as follows: compute commissions on the entire receipts of money, deduct the amount allowed to the ·executor, and allow the balance to the administrator, adding thereto a proper proportion on the value of the real estate.

March 23, 1878.

Questions occurring on the settlement of the account of the administrator have been re-argued.

1. The ruling of the Court that commissions cannot be allowed on the item of $30,621, receipted for by Mrs. Heaton, is admitted to be correct.

2.   Commissions are claimed on the sum of $25,000 included in the account.   Deceased and Waterman purchased a parcel of real estate, which was then subject to a mortgage.   Proceedings in partition were had in a District Court, and that Court, in partition, ordered the premises sold, the mortgage debt to be paid, and the surplus to be divided between Waterman and the estate.   The administrator can have commissions upon the estate's share of the surplus only.   The property, to the extent of the mortgage debt, was by order of the District Court taken out of the estate and never was "accounted for" by the administrator in such manner as to entitle him to commissions.

3.   The administrator desires that his account may be treated as a final account, and that distribution of the estate be made as soon as a trustee may be appointed by the proper Court.   He claims that the estate has been fully administered as to all purposes of the probate law, and that a trustee should have all future care of the property; and as incident to the present distribution, he is entitled to full commissions, less the amount heretofore allowed to his predecessor.   The clauses of the will upon which this question turns are as follows:

"Sixth—I do give, devise and bequeath unto my wife Ellen C. Marvin one-third part of all my estate, &c.

"Seventh—I do give, devise, and bequeath unto my children   *   *   all the residue of my estate.

"Eighth—In view of the youth of my children, and of the fact that my estate is largely encumbered, and that if it remains undisturbed and the revenues of the estate be applied to the removal of said encumbrances, the interests of my wife and children would be thereby served and advanced, I have decided, and do so will and direct, that my estate, both real and personal, remain after my death intact and undisturbed in the hands of my executors hereinafter mentioned, and whom I hereby constitute and appoint trustees for that purpose, until my youngest child shall have arrived at the age of twenty-one years, when a distribution of the estate shall be made as hereinbefore provided; until that time

shall have arrived, it shall be the duty of the executors, out of the rents, issues and profits of said estate, First, to pay the necessary expenses of said estate and of the management thereof; Second, to pay the necessary and proper cost of living for my wife and children, including cost of schools and teachers and books, and other expenses such as are suitable; * * Third, the surplus to be paid in cancellation and extinguishment of the debts, * * * Money accumulating in the hands of the executors shall be invested in the name of and for the benefit of the estate. And for the purposes aforesaid I give to my executors full power to make, execute and deliver all necessary mortgages and notes or renewals of notes and mortgages now existing. And should it become necessary or should it be deemed necessary or extremely desirable to sell any portion of the real estate, I direct that it be so sold; the consent and approval of the Probate Court first having been obtained."

By the COURT: Lands in Missouri and Iowa may be sold without approval of Probate Court.

The usual administration has been had, the debts paid, and the estate is now ready for final settlement and distribution unless such distribution is prevented by the will. The youngest child is now about ten years of age.

I am of opinion that no trust is created by this will, other than the usual trust of executorship; that the powers conferred are conferred to be attached to the office of executor; that upon the death of testator the title passed to the devisees without the intervention of a trustee, and that the testator intended the estate to remain in the Probate Court under administration until the youngest child shall attain the age of twenty-one years. It is true that the word "trustee" is used, but taking the above clauses together, it is clear that no other trust was intended than that of executorship. The action of the Probate Court is necessary to a sale in this State, which can be had while the estate remains here; but if the estate should be distributed, the Probate Court would have no supervision of a trustee, and the clause of the will relating to the Probate Court would be nugatory;

the testator cannot invest the Probate Court with jurisdiction over a trust.

As indicated in the former opinion, commissions may now be computed and allowed as follows: compute commissions on the entire receipts of money, deduct therefrom the amount allowed to the executor, and allow the balance to the administrator, adding thereto a proportion of the value of the real estate, viz: for the time from the probate of the will to the present time.

Let the account be re-stated in accordance with this opinion, and let an order be thereupon made, stating balance and settling the account.